UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROBERT YEVAK,                                    :
          Plaintiff,                              :
      v.                                            :       No. 5:15-cv-05709
                                                 :
NILFISK-ADVANCE, INC., ANTHONY RIES,             :
and BECCA CALLAHAN,                              :
          Defendants.                             :
_____

## MEMORANDUM AND ORDER

**Defendants' Motion for Change of Venue, ECF No. 2 – Denied**

**Joseph F. Leeson, Jr.**                                    **February 11, 2016**
**United States District Judge**

### I.   Introduction

This case comes before the Court upon Defendants' Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a), ECF No. 2. For the following reasons, the Court denies Defendants' Motion.

The following allegations are set forth in Plaintiff's Complaint. Plaintiff is a fifty-year-old citizen and resident of Pennsylvania. Compl. ¶ 8, ECF No. 1. Plaintiff was hired by Defendant Nilfisk-Advance ("Nilfisk"), a Minnesota corporation, in August 2007 as a regional sales manager. Id. ¶¶ 8-9, 20. In February 2013, Plaintiff was diagnosed with a serious medical condition and disability. Id. ¶ 22. Following this diagnosis, Plaintiff requested that Defendants reasonably accommodate his disability by allowing him intermittent leave for medical treatment. Id. ¶ 26. Defendants denied his request without engaging in the interactive process required by the Americans with Disabilities Act of 1990 and began to discriminate and retaliate against him for requesting an accommodation. Id. ¶¶ 27-28. In October 2013, Plaintiff was denied a

promotion in favor of an individual "who was substantially younger than Plaintiff and did not have the experience or qualifications Plaintiff possessed for this position." Id. ¶ 41. Finally, in March 2014, Defendants terminated his employment "in order to conceal . . . disability-based animus . . . and in order to refuse to provide reasonable accommodations for Plaintiff's serious medical condition and disability without engaging in the interactive process." Id. ¶¶ 30-31. Alternatively, Plaintiff alleges that he was terminated "solely due to his age" and "in order to conceal age-based animus." Id. ¶¶ 45-46.

Plaintiff alleges that Defendants' actions violated the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967, and the Pennsylvania Human Relations Act. Id. ¶¶ 60-84. In response, Defendants filed the present Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a), contending that the forum selection clause in the employment agreement Plaintiff signed when he began his employment with Nilfisk requires that this action be transferred to the United States District Court for the District of Minnesota. See Defs.' Mem. Supp. Mots. 6, ECF No. 4.[1]

**II.     Analysis**

Plaintiff does not dispute that he signed the employment agreement when he began his employment and that the agreement "is valid, enforceable, and no extraordinary circumstances exist[] to prelude transfer of litigation relating to the Employment Agreement." Pl.'s Br. Opp'n Defs.' Mots. 6, ECF No. 16-1. However, Plaintiff contends that the present litigation is not related to the agreement and that the forum selection clause contained in it does not govern this dispute. Id.

---

[1]    Defendants filed a combined memorandum of law in support of their motions for change of venue and to dismiss. The latter motion, see ECF No. 3, is not addressed in this Memorandum and Order.

The agreement in question, which is titled "Employment Agreement," was "designed to protect the Company's Confidential Information, business relationships, and competitive advantage." Ackland Aff. Ex. A, at 1, ECF No. 6. According to the agreement, it was necessary for Plaintiff to have access to certain confidential and proprietary information belonging to Nilfisk in order for him to perform the duties of his employment, and the agreement bars him from any unauthorized disclosure of that information. Id. The agreement also contains non-competition and non-solicitation clauses, as well as covenants governing the ownership of any intellectual property that Plaintiff created during his employment. Id. at 1-2. Finally, several additional provisions are set forth under the heading "Miscellaneous," including the following:

> The parties agree that any litigation in any way relating to this Agreement shall be venued in either federal or state court in Minnesota, and Employee hereby consents to the personal jurisdiction of these courts and waives any objection that such venue is inconvenient or improper.

Id. at 2.

Defendants contend that the quoted clause "mandates that '**any** litigation in **any** way relating to this Agreement'—that is, relating to his at-will employment—'**shall be** venued in either federal or state court in Minnesota.'" Defs.' Mem. Supp. Mots. 9. Defendants cite for support the United States Court of Appeals for the Third Circuit's decision in John Wyeth & Brother Ltd. v. CIGNA International Corp., 119 F.3d 1070 (3d Cir. 1997) (Alito, J.), in which the court interpreted the phrase "arising in relation to" in a forum selection clause. See Defs.' Reply Mem. Supp. Mots. 2, ECF No. 17. The case concerned a dispute between Wyeth, an English pharmaceutical company, and its American insurer, CIGNA, over the latter's responsibility for certain defense costs incurred in litigation. See Wyeth, 119 F.3d at 1071-72. Wyeth alleged that CIGNA had refused to pay any costs in excess of the amount of the payments CIGNA made pursuant to a 1990 agreement between the parties. Id. at 1073. CIGNA contended

3

that the proper location for the lawsuit was England, not the United States, citing a forum selection clause in the 1990 agreement that gave the English courts exclusive jurisdiction over "any dispute arising under or out of or in relation to this Agreement." Id. In interpreting this clause, the Third Circuit observed the following:

> The ordinary meaning of the phrase "arising in relation to" is simple. To say that a dispute "arise [s] ... in relation to" the 1990 Agreement is to say that the origin of the dispute is related to that agreement, i.e., that the origin of the dispute has some "logical or causal connection" to the 1990 Agreement. Webster's Third New International Dictionary, 1916 (1971).

Id. at 1074.

Accordingly, the court held that Wyeth's allegations concerning CIGNA's refusal to pay amounts in excess of the 1990 agreement "show that there is a 'logical or causal connection' between the parties' dispute and the 1990 Agreement," and that England was therefore the proper forum for the dispute. Id.

Here, Defendants contend that,

> as in Wyeth, Plaintiff's claims have a logical connection to the [Employment] Agreement. The Agreement establishes an at-will employment relationship that may be terminated for any legal reason. Plaintiff alleges that his employment was terminated for illegal reasons. Thus, Plaintiff's litigation is among the class of cases that 'in any way relates to' the Agreement.

Defs.' Reply Mem. Supp. Mots. 3.

Plaintiff responds that the employment agreement "is inapplicable to the instant litigation since it arises out of a statutory violation, not a contract dispute over the terms of the Employment Agreement." Pl.'s Br. Opp'n Defs.' Mots. 6. Plaintiff contends that the terms of the agreement "are and relate to the disclosure of business information, maintenance and return of documents and company property upon termination, intellectual property rights, and covenants not to compete." Id. at 7. According to Plaintiff, "[t]hese terms are not tied in any way to the

4

current litigation as the current litigation involves Plaintiff's statutory rights under the ADA, ADEA, FMLA, and PHRA." Id.

In Wyeth, the Third Circuit stated that, "[a]s with any contract provision, in the interpretation of [a] forum selection clause," the court should "first look to the text of the contract to determine whether it unambiguously states the parties' intentions." Wyeth, 119 F.3d at 1074. The dispute here is whether the present litigation "relates to" Plaintiff's Employment Agreement. As set forth above, to say that litigation "relates to" the agreement is to say that it has some "logical or causal connection" to the agreement, see id., and the phrase "relates to" is broad enough to encompass claims not explicitly grounded in the agreement, see CQ, Inc. v. TXU Mining Co., L.P., No. CIV.A. 05-1230, 2006 WL 278155, at *3 (W.D. Pa. Feb. 3, 2006). On the other hand, the phrase "relates to" should not be stretched so broadly that it becomes meaningless. See Cal. Div. of Labor Standards Enf't v. Dillingham Const., N.A., Inc., 519 U.S. 316, 335 (1997) (Scalia, J., concurring) (observing that, "as many a curbstone philosopher has observed, everything is related to everything else"); In re FedPak Sys., Inc., 80 F.3d 207, 214 (7th Cir. 1996) (observing that we inhabit "a universe where everything is related to everything else" (quoting Gerald T. Dunne, The Bottomless Pit of Bankruptcy Jurisdiction, 112 Banking L.J. 957, 957 (1995))).

The present litigation is not "related to" the employment agreement. In Wyeth, the 1990 agreement between the parties containing the forum selection clause was related to the parties' dispute – and in particular CIGNA's defense to Wyeth's claims – even though Wyeth's claims did not arise under that agreement. Here, by contrast, the employment agreement has no relation to Plaintiff's claims or Defendants' defense to those claims. As set forth above, the text of the agreement provides that the agreement was "designed to protect the Company's Confidential

5

Information, business relationships, and competitive advantage." The present lawsuit has nothing to do with any of these matters. The lawsuit does relate to Plaintiff's employment, but Plaintiff's employment is not the same thing as Plaintiff's employment agreement. See <u>Lampkin v. Emp't Servs., Inc.</u>, No. CV 2:15-1462-RMG-BM, 2015 WL 8900970, at *2 (D.S.C. Dec. 11, 2015) <u>report and recommendation adopted</u>, 2016 WL 111429 (D.S.C. Jan. 11, 2016) ("While Defendant argues that the language in the forum-selection clauses stating that they apply to 'any action or proceeding arising out of, or relating to, this Agreement' is referring to any action related to Plaintiff's employment, that is not what the Agreements themselves say. Rather, the Agreements are by their very terms restricted to the specific areas of employment (noncompete and non-disclosure requirements) discussed herein."). For these reasons, Defendants' Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) is denied.

### III.    Order

**ACCORDINGLY**, this 11th day of February, 2016, **IT IS ORDERED THAT** Defendants' Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a), ECF No. 2, is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge