UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROBERT YEVAK,                                  :
                                               :
            Plaintiff,                         :
        v.                                     :   No. 5:15-cv-05709
                                               :
NILFISK-ADVANCE, INC.; ANTHONY RIES;           :
BECCA CALLAHAN,                                :
                                               :
            Defendants.                        :
_____

### MEMORANDUM AND ORDER

**Defendants' Motion to Dismiss, ECF No. 3 – Granted in part and denied in part**

**Joseph F. Leeson, Jr.**                                           April 5, 2016
**United States District Judge**

Defendants filed a Motion to Dismiss Counts III and VI of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and Callahan filed an Alternative Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 3. For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

**I.      Background**

The facts alleged in Plaintiff Robert Yevak's Complaint are as follows.

Yevak is a fifty-year-old citizen and resident of Pennsylvania. Compl. ¶ 8, ECF No. 1. In 2007, he was hired by Defendant Nilfisk-Advance, a Minnesota corporation, as a regional sales manager. Id. ¶¶ 8-9, 20. Yevak worked from his home in Pennsylvania. Id. ¶ 9. Defendant Anthony Ries, who is a resident and citizen of Pennsylvania, was Northeast Sales Director for Nilfisk during the relevant time period. Id. ¶ 10. Defendant Becca Callahan, who is a resident

and citizen of Minnesota, was the Benefits Manager for Nilfisk during the relevant time period. Id. ¶ 10.

In February 2013, Yevak was diagnosed with a serious medical condition and disability. Id. ¶ 22. Yevak requested that Defendants reasonably accommodate his disability by allowing him intermittent leave for medical treatment. Id. ¶ 26. Defendants denied his request without engaging in the interactive process required by the Americans with Disabilities Act of 1990 and began to discriminate and retaliate against him for requesting an accommodation. Id. ¶¶ 27-28. In October 2013, Yevak was denied a promotion in favor of an individual "who was substantially younger than Yevak and did not have the experience or qualifications Yevak possessed for this position." Id. ¶ 41. Finally, in March 2014, Defendants terminated his employment "in order to conceal . . . disability-based animus . . . and in order to refuse to provide reasonable accommodations for Yevak's serious medical condition and disability without engaging in the interactive process." Id. ¶¶ 30-31. Alternatively, Yevak alleges that he was terminated "solely due to his age" and "in order to conceal age-based animus." Id. ¶¶ 45-46.

On October 15, 2015, Yevak filed the present Complaint. Yevak alleges that Nilfisk discriminated against him in violation of his rights under the Americans with Disabilities Act ("ADA"), retaliated against him in violation of the ADA, violated his rights under the Age Discrimination in Employment Act of 1967 ("ADEA"), and violated his rights under the Pennsylvania Human Relations Act ("PHRA"). In addition, he alleges that each of the three Defendants violated his rights under the Family and Medical Leave Act of 1993 ("FMLA") and that Callahan and Ries aided and abetted Nilfisk's violation of the PHRA. Id. ¶¶ 60-84.

In response to Yevak's Complaint, Defendants filed the present Motion to Dismiss, contending that the Court should dismiss Yevak's FMLA claim and his PHRA claim against

2

Defendants Callahan and Ries. In addition, Defendants contend that this Court lacks personal jurisdiction over Defendant Callahan, who is a resident and citizen of Minnesota.

On March 23, 2016, the Court heard argument on Defendants' Motion.

## II.     Legal Standards

### A.     Motion to dismiss for failure to state a claim

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the

proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570).

4

"The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557)).

### B.    Motion to dismiss for lack of personal jurisdiction

The Rule 12(b)(2) motion to dismiss standard can be summarized as follows:

> When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), [the Court] must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). However, once a defendant has raised a jurisdictional defense, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). If an evidentiary hearing is not held, a plaintiff "need only establish a prima facie case of personal jurisdiction." Id. A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987).

Campbell v. Fast Retailing USA, Inc., No. CV 14-6752, 2015 WL 9302847, at *2 (E.D. Pa. Dec. 22, 2015)

## III.    Analysis

### A.    Family and Medical Leave Act Claim

Defendants contend that Yevak's FMLA claim (which all parties agree accrued in March 2013) is barred by FMLA's two-year statute of limitations. Defs.' Mem. 12, ECF No. 4. Yevak responds that his claim is timely under the FMLA's three-year statute of limitations for "willful" violations of the statute. Pl.'s Br. Opp'n 9, ECF No. 16. Yevak points to paragraph 65 of the Complaint, which alleges that "[t]he willful violation of Plaintiff's rights under the [FMLA] were [sic] done in the absence of good faith and reasonable grounds."

Courts have found that allegations that a defendant's conduct was "willful, intentional, and in flagrant disregard of the provisions of the FMLA" are "sufficient to plead willfulness and trigger the three-year statute of limitations" under the "liberal pleading standards of the Federal Rules of Civil Procedure." See Caucci v. Prison Health Servs., Inc., 153 F. Supp. 2d 605, 609 (E.D. Pa. 2001). Yevak's allegations are sufficient to meet this standard. Accordingly, Defendants' Motion to Dismiss Yevak's FMLA claim is denied.

**B.      Pennsylvania Human Relations Act Claim against Ries and Callahan**

Defendants contend that Yevak's PHRA claim against Ries and Callahan should be dismissed because Yevak failed to name them as respondents in his earlier EEOC charge against Nilfisk and consequently failed to exhaust his administrative remedies against them. Defs.' Mem. 14. Yevak responds he named both Ries and Callahan in the "body" of the EEOC charge, which courts in this district have found sufficient to exhaust administrative remedies in this context. Pl.'s Br. Opp'n 11 (citing McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 396 (E.D. Pa. 2002)). In reply, Defendants contend that, unlike the plaintiff in McInerny, Yevak did not append the EEOC charge to his Complaint; rather, Yevak attached an uncertified copy of the charge to his response to Defendants' motion,[1] which Defendants contend is insufficient. Defs.' Reply 7. ECF No. 17.

A Title VII or PHRA action "ordinarily may be brought only against a party previously named in an [administrative] action." Schafer v. Bd. of Pub. Educ. of Sch. Dist. of Pittsburgh, 903 F.2d 243, 251–52 (3d Cir. 1990). However, "courts do not narrowly interpret this 'naming' requirement to apply only to the caption of the administrative charge. Naming a person in the body of the charge is considered sufficient to satisfy the requirement." Vnuk v. Berwick Hosp.

---

[1]      See Pl.'s Br. Opp'n, Ex. 1.

Co., No. 3:14-CV-01432, 2015 WL 4984974, at *5 (M.D. Pa. Aug. 19, 2015). "Naming the defendants in the charge ensures that they will know of and participate in the PHRC proceedings, and gives them an opportunity to resolve matters informally, without further litigation." Glickstein v. Neshaminy Sch. Dist., Civ. No. 96–6236, 1997 WL 660636, at *10 (E.D. Pa. Oct. 22, 1997); see also Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) ("Courts have found that the individuals do not have to be named in the caption of the case and that just mentioning the individuals in the body of the Complaint gives the individuals the requisite notice so that judicial relief may be sought under the PHRA.") (quoting DuPont v. Slippery Rock Univ. of Pa., Civ. No. 11–1435, 2012 WL 94548, at *3 (W.D. Pa. Jan. 11, 2012)).

Yevak is correct that his naming of Ries and Callahan in the body of his EEOC Charge is sufficient to provide the requisite notice to them of the Charge. However, because the Charge is not attached to the Complaint or explicitly relied upon in the Complaint (at least with respect to the PHRA claim against Ries and Callahan),[2] the Court is unable to consider the document in its review of Defendants' Motion.[3] The Court therefore dismisses Yevak's PHRC claim against Ries and Callahan, but Yevak may amend his Complaint with respect to this claim.

### C.   Personal Jurisdiction over Callahan

---

[2]   The Complaint alleges that Yevak filed an EEOC charge "against Nilfisk," see Compl. ¶ 4, but does not otherwise mention the Charge, and there is no allegation in the Complaint that Ries and Callahan were named in the body of the Charge.

[3]   "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered . . . ." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (citations omitted) (internal quotation marks omitted); see also Zalduondo v. Aetna Life Ins. Co., 845 F. Supp. 2d 146, 153-54 (D.D.C. 2012) (court would not consider documents attached to plan participant's opposition to insurer's motion to dismiss her suit asserting ERISA claim for improper denial of benefits, where the documents attached to participant's opposition were not attached to her amended complaint, and the complaint did not incorporate these documents in any sense).

Defendants contend that Yevak's claims against Callahan should be dismissed because this Court lacks personal jurisdiction over her. Defs.' Mem. 16-18. Yevak responds that Callahan had contacts with him in Pennsylvania and that these contacts are the basis for Yevak's PHRA claim. Pl.'s Br. Opp'n 14. In reply, Defendants contend that the Complaint lacks allegations that Callahan's actionable conduct occurred during contacts (e.g., phone calls or emails) with Pennsylvania. Defs.' Reply 8.

When a defendant moves to dismiss a claim under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists. See Marten v. Godwin, 499 F.3d 290, 295–96 (3d Cir. 2007). At this stage the plaintiff must establish only "a prima facie case of personal jurisdiction" and is entitled to have its allegations taken as true and all factual disputes drawn in his favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Nonetheless, the plaintiff must allege "specific facts" rather than vague or conclusory assertions. Marten, 499 F.3d at 298

Defendants are correct that the Complaint lacks allegations that Callahan had any contacts with Pennsylvania. For this reason, Defendants' motion is granted, but Yevak may amend his Complaint with respect to this matter.

**IV.   Order**

**ACCORDINGLY**, this 5th day of April, 2016, **IT IS ORDERED** that Defendants' Motion, ECF No. 3, is **GRANTED in part** and **DENIED in part** as follows:

1. Defendants' Motion is **GRANTED** in the following respects:

    a. Plaintiff's PHRA claim against Ries and Callahan is **DISMISSED without prejudice**;

    b. Plaintiff's claims against Callahan are **DISMISSED without prejudice**;

...

2. In all other respects, Defendants' Motion is **DENIED**.

3. Plaintiff may file an amended complaint no later than **April 19, 2016**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge